UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                     No. 13-15146

v.                                  District Judge Paul D. Borman
                                  Magistrate Judge R. Steven Whalen

RONALD HENDERSON,

              Defendant,

and

MICHIGAN DEPARTMENT OF TREASURY,

              Garnishee.

_____/

**REPORT AND RECOMMENDATION**

Before the Court are Defendant Ronald Henderson's Requests for Hearing about Garnishment and Claim for Exemptions [Doc. #12 and #13][1], which were referred to the undersigned Magistrate Judge on June 20, 2014. Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003). For the reasons set forth below, I recommend that Defendant's objections to the garnishment and his claims for exemptions be DENIED.

### I.    FACTS

This is a student loan case. On April 4, 2014, Plaintiff obtained a default judgment

_____

[1] The requests are identical. It is unclear why there are two docket entries.

in the amount of $4,640.69, plus pre- and post-judgment interest [Docket #8].  Pursuant to that judgment, Plaintiff obtained a writ of continuing garnishment on May 14, 2014 as to Defendant and garnishee Michigan Department of Treasury [Docket #10].

In his requests for hearing, Mr. Henderson states that he is now receiving Supplemental Security Income ("SSI"). At the hearing held on July 24, 2014, he indicated that this is based on a disability determination by the Social Security Administration. He further acknowledged that the income tax refund held by the Michigan Department of Treasury is related to employment in 2013.

## II.   DISCUSSION

A judgment debtor who contests a writ of garnishment bears the burden of showing he or she is entitled to an exemption.  *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). While SSI funds would be exempt, his tax refund, based on taxes withheld as the result of employment, is not.

Defendant also states that he is in a difficult financial position, and must care for a son with autism. As I stated in *United States v. McGhee*, 2007 WL 4326807, *1 (E.D.Mich. 2007), "[W]hile the Court is not unsympathetic to [Defendant's] financial plight, poverty does not constitute a defense to a writ of garnishment. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment."  Likewise here, Defendant has not met his burden of showing that the funds in question are exempt from garnishment.

The Department of Education has the discretion to waive interest, or in some cases, waive all or part of the debt based on financial hardship or disability if the debtor provides sufficient information in support of his request. At the hearing, counsel for the

Plaintiff agreed to provide Mr. Henderson with the forms and instructions to make a request for a hardship or disability waiver. Thus, Mr. Henderson has an option to forestall possible future garnishments, and he would be well served by pursuing that option.  As to his present objections, however, I find no basis to set aside the writ of garnishment.

### III.   CONCLUSION

I therefore recommend that Defendant's objections to the garnishment and claims for exemptions [Docket #12 and #13] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall  address specifically, and in the same order raised, each issue

contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 24, 2014, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen
